J-A07001-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: H.R.H., A MINOR | : | IN THE SUPERIOR COURT OF |
| APPEAL OF S.G.H., JR., FATHER | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1488 MDA 2025 |

Appeal from the Order Entered September 25, 2025
In the Court of Common Pleas of Adams County Orphans' Court
at No(s):  RT-11-2025

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

JUDGMENT ORDER BY BOWES, J.:                    **FILED MARCH 24, 2026**

S.G.H., Jr. ("Father") appeals from the order terminating his parental rights to H.R.H. (born in March 2016).  We vacate and remand for a new termination hearing following the appointment of counsel for H.R.H. in conformity with 23 Pa.C.S. § 2313(a).

Given our disposition, we need not provide a detailed history of this case.  Succinctly, Father and B.A.S. ("Mother") separated in 2017 and divorced in 2018.  H.R.H. split time between Mother's residence in Adams County, Pennsylvania, and Father's abode in Frederick County, Maryland.  That changed in 2022 when a Maryland court entered a protective order against Father due to excessive corporal punishment of then-six-year-old H.R.H., and Mother obtained primary physical custody.  Father did not comply with mandates that he undergo evaluations and treatment for mental health and substance abuse and, as a result, had minimal contact with H.R.H. thereafter.

On April 25, 2025, Mother filed a petition to terminate Father's parental rights to H.R.H. pursuant to 23 Pa.C.S. § 2511(a)(1), (a)(2), and (b), and for her new husband to adopt the child. The orphans' court appointed counsel for Father, who contested the termination. After several continuances, the court held a hearing on the petition on August 11, 2025. Mother and Father appeared with counsel, testified, and advocated, respectively, for and against the termination of Father's rights. Critically, the record contains no indication that the court appointed counsel for H.R.H. or that he was otherwise represented at the hearing. The orphans' court ultimately granted Mother's petition and terminated Father's rights, and this timely appeal followed.

The Adoption Act provides as follows regarding representation for children:

> The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian *ad litem* to represent any child who has not reached the age of [eighteen] years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a).

A failure to appoint legal counsel in accordance with § 2313(a) is non-waivable, structural error. *See **In re T.S.***, 192 A.3d 1080, 1087 (Pa. 2018); ***In re Adoption of K.E.G.***, 288 A.3d 539, 541 (Pa.Super. 2023). Further, where, as here, no party asserts this claim of error on appeal, "our Supreme

Court has held that appellate courts should engage in limited *sua sponte* review of whether children have been afforded their statutory right to legal counsel when facing the potential termination of their parents' parental rights."[1] **Adoption of K.E.G.**, 288 A.3d at 541 (cleaned up).

Having performed our duty to conduct this limited *sua sponte* review, we must conclude that H.R.H. has not been afforded his statutory right to counsel. Therefore, we are obligated to vacate the order of the orphans' court involuntarily terminating Father's parental rights and remand for a new hearing to take place after the court appoints legal counsel for H.R.H. pursuant to § 2313(a). **Accord id**. at 542.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/24/2026

---

[1] **Cf. In re Adoption of K.M.G.**, 240 A.3d 1218, 1224 (Pa. 2020) ("[W]hile an appellate court should verify that the orphans' court appointed counsel to represent the child's legal interests, it may not assess *sua sponte* the performance of that representation.").